NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELDA ESMERALDA PENA-
PORTILLO; D. E. P.-P.,

Petitioners,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 18-70315

Agency Nos.
A208-371-461
A208-371-462

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Petitioners Nelda Pena-Portillo ("Pena-Portillo") and her minor daughter,

natives and citizens of El Salvador, petition for review of a Board of Immigration

Appeals ("BIA") decision denying their applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. Pena-Portillo's opening brief fails to address the agency's merits-based denials of her asylum, withholding, and CAT claims. Issues that are not raised or are not supported by argument in the opening brief are forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). We therefore deny the petition as to those three claims.

2. Pena-Portillo argues that the immigration court lacked jurisdiction, pursuant to *Pereira v. Sessions*, 585 U.S. 198 (2018), because the initial notice to appear ("NTA") lacked the time and location of the hearing. This claim is unexhausted because she failed to raise it before the BIA. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). When a claim is unexhausted, we lack jurisdiction to consider the petitioner's argument. *Id.* Even if Pena-Portillo had exhausted her claim, it is foreclosed by our decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) (holding "that the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction"). As occurred here, the "filing of an undated NTA that is subsequently supplemented with a notice of hearing fully complies with the requirements of [8 C.F.R. § 1003.14(a)]." *Id.* at 1193.

---

[1] The motion to stay removal, Dkt.1, is also denied. The temporary stay of removal shall remain in place until the mandate issues.

3.  We decline to review Pena-Portillo's ineffective assistance of counsel claim as it was not properly presented to the BIA through a motion to reopen and is therefore also unexhausted. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require a[] [noncitizen] who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

**PETITION DENIED.**